(No. 6754. October 19, 1940.)

HARRY DONER and LENA F. DONER, Husband and Wife, Appellants, v. S. G. HONSTEAD, Respondent.

[106 Pac. (2d) 868.]

Delana & Delana, for Appellants.

A. L. Anderson and Hawley & Worthwine, for Respond-ent.

MORGAN, J.—This action was commenced by appellants to recover damages from respondent and E. L. Drake, A. E. Varnadoe, Grace Brown and Gus Brown, her husband, because of personal injuries sustained by appellant, Lena F. Doner, resulting from an explosion and fire which occurred in a room in a building, owned by respondent and occupied and used by Drake as tenant, and by Varnadoe and Grace Brown as sub-tenants. This is one of five actions for damages growing out of the explosion and fire in the building, and *Olin v. Honstead*, 60 Ida. 211, 91 Pac. (2d) 380, was another.

Respondent filed a general demurrer to each complaint; the demurrers were sustained and each plaintiff amended and he filed a general demurrer to each amended complaint. It appears from the record in this and the Olin case that the demurrers to the amended complaints in the five cases were set down to be heard March 2, 1938; that after the demurrer to the amended complaint in the Olin case had been argued and sustained Mr. J. F. Martin, who had theretofore represented plaintiffs, other than Olin and wife and Doner and wife, announced the following stipulation:

"Mr. Martin: In this cause [the Olin case] the court having announced from the bench, that he would enter an order sustaining the general demurrer of the defendant Honstead, and overrule the general demurrers of all other defendants to the amended complaint and it being announced by the attorneys for the plaintiff that they desire to appeal to the supreme court from the court's ruling with reference to the general demurrer of the defendant, Honstead, to the amended complaint, and for the purpose of avoiding appeals in all of the present pending cases,

"It is stipulated by all counsel appearing of record, that the court shall enter its order in the above entitled case sustaining the general demurrer to the amended complaint and that the plaintiffs will refuse to plead further, and a judgment of dismissal shall immediately thereupon be entered, and that in the other four pending cases in this court, that is

No. 7340, *Ernest C. Miller vs. E. L. Drake;* 7341, *Lester A. Pavek vs. E. L. Drake;* 7314, *Harry Doner vs. E. L. Drake,* and 7339, *Ernest C. Miller vs. E. L. Drake, et al.,* the same ruling upon the demurrers to the amended complaint shall be considered as made, but that no formal order shall be made or entered, and that the cases shall be held in abeyance and no further proceeding be had thereon until a ruling is obtained from the supreme court in this case.

"Let the record show that this stipulation is entered into in open court in the presence of A. L. Anderson, Frank Kibler, Bert Miller, Earl Garrity, J. F. Martin and Delana & Delana."

Judgment of dismissal, as to respondent, was entered in the Olin case, from which an appeal was prosecuted to this court. The amended complaint in that case, referred to in the opinion as "the complaint," was sufficiently similar to the amended complaint in this case to make our decision in *Olin v. Honstead,* above cited, controlling in this one.

The opinion in the Olin case, affirming the judgment, was filed April 29, 1939, and a petition for rehearing was filed and denied. June 12, 1939, the district judge, without notice to plaintiffs or their attorneys, entered an order in each case, other than that of Olin and wife, sustaining the demurrer of respondent herein to the amended complaint and granted judgments dismissing the actions as against respondent, including that of appellants. Appellants gave notice of motion, and accompanied it with a motion, to vacate the judgment. The motion was based on the files and records in the action and on the affidavit of Elbert S. Delana. It was also accompanied by a proposed second amended complaint.

In his affidavit Mr. Delana stated that he was a member of the firm of Delana & Delana, attorneys of record for plaintiffs in the action, and had charge thereof; that neither he nor any other person, authorized to act for or on behalf of his clients, was present in court at the time of the making of the order in the Olin case; that neither his clients nor their counsel ever received notice of the ruling of the court on the demurrers and "that he only learned by hearsay through attorneys representing other plaintiffs against said defendants, that an order had been made sustaining the general

demurrer, and that all proceedings were stayed pending such action as might be deemed necessary, depending upon the ruling upon appeal to the Supreme Court, of the case of Robert B. Olin against said defendants.''

Mr. Delana made and filed another affidavit in support of the motion, in which he set out that he did not attend the argument on the demurrer to the amended complaint in the Olin case and had no knowledge of what actually took place thereat, ''but does aver that he neither was present or authorized anyone else to speak for him or on behalf of his clients, Harry Doner and Lena F. Doner; that thereafter, he was presented with a stipulation announced at the later hearing, purportedly announced in court by Mr. J. F. Martin, attorney for Ernest C. Miller and Lester A. Pavek, plaintiffs, in which he appears as counsel; that neither this affiant nor his clients were ever consulted about said stipulation or took any part therein.''

A. L. Anderson, of counsel for respondent, made and filed an affidavit in opposition to the motion, wherein he stated that Elbert S. Delana was present in court at the time of the argument and ruling on the demurrers to the amended complaints and at the time the stipulation was dictated by Mr. Martin. The affidavits of Mr. Delana, and of other attorneys in the cases, convinces us that Mr. Anderson is mistaken in this particular and that neither member of the firm of Delana & Delana was present in court at the time in question.

An affidavit by J. F. Martin appears in the record. It shows that March 2, 1938, he, in company with Charles H. Darling, of the firm of Richards & Haga (counsel for Olin and wife), attended the argument of the demurrers to the amended complaint in the Olin case; that prior to the argument there had been discussion among counsel for the various plaintiffs in the companion cases to the effect that if the ruling of the court should be adverse to the plaintiffs, one of the actions should be selected as a test case, and the appeal should be taken in the action selected; that the remaining actions should be held in abeyance pending the decision of the supreme court in the action in which the appeal was taken;

that no form of stipulation, or definite form of procedure, was discussed as to the manner in which this should be done, or which case should be selected for appeal; that during the trip from Boise to Caldwell, where the argument was to be held, Mr. Darling stated to affiant that he had talked with Elbert S. Delana and that it had been discussed that plaintiffs were to cooperate in bringing about an agreement and that, in order to save expense, one case only should be appealed and the remaining cases should be held in abeyance, *in statu quo,* as above indicated.

Mr. Martin further stated in his affidavit:

"That after the argument of the demurrers, the court ruled from the bench that the general demurrers would all be sustained as to the defendant Honstead and overruled as to the other defendants, and thereupon, plaintiffs Olin refused to plead further; thereupon a discussion ensued between affiant and Charles H. Darling, as counsel present for plaintiffs, and A. L. Anderson, as counsel for defendant Honstead, as to which action should be selected for appeal, affiant suggesting one of the Miller cases in which he was attorney for plaintiffs, and Mr. Anderson refusing to join in that arrangement, and insisting that since all of the arguments had been made and submitted in the Olin case, that that case should be the test case, which was finally agreed upon;

"That thereupon, affiant dictated a stipulation, which, as he is informed, was taken by the court reporter; that this stipulation as dictated by him, was intended to, and in his judgment, provided that as to the companion cases in which appeals were not to be taken, that no orders should be entered therein; that they should be held in abeyance, and no further proceedings had therein until the ruling was had in the supreme court on the Olin case, which, was as he understood it, the desire of all of the counsel for plaintiffs and defendants, to save appeal expense to both plaintiffs and defendants, and that the stipulation was thus dictated, as he viewed it, for that purpose, and which, in his judgment, he thought would meet with the approval of all of the counsel for plaintiffs, and was within the scope of the discussion of the counsel for the various plaintiffs; and that affiant, personally, had no discussion with Elbert S. Delana with reference to the

Doner case, except as discussed with Charles H. Darling, as above set forth;

"Affiant is positive that neither Elbert S. Delana, nor his brother, Benton F. Delana, of the firm of Delana & Delana, were present at, nor took any part in said arguments, discussions or stipulations, except as herein set out, and that he did not have authority from Elbert S. Delana to stipulate otherwise, than as herein indicated."

Mr. Darling made affidavit:

" . . . . That he has read the above and foregoing affidavit of J. F. Martin and that as to the matters therein referred to and as to the intent and purpose of himself and J. F. Martin in discussing and making the stipulation therein referred to, that said affidavit is as he believes, correct."

The district judge made and entered an order overruling the motion to vacate the judgment. Plaintiffs have appealed from the judgment and from the order.

In his order overruling the motion, the judge recited, among other things:

"and it appearing to the satisfaction of this court that the intent and purpose of the stipulation dictated by J. F. Martin, Esq., and entered on the minutes of March 2, 1938, was in behalf of the plaintiffs in all five cases, and was entered into to avoid a separate appeal in each of the said five cases, and that the ruling by the Supreme Court of Idaho on appeal should apply to all five cases; that the attorneys for the plaintiffs, Harry Doner and Lena F. Doner, husband and wife, knew, or by the use of ordinary diligence should have known, that they were parties to the said stipulation; that they signed, as attorneys for the plaintiffs, the notice of appeal and the *praecipe* on the appeal in *Olin et al. v. Drake et al.*, civil No. 7316, and their names appear on the briefs filed therein in the Supreme Court of Idaho as attorneys for the plaintiffs; that the transcript therein contains a copy of said stipulation; that plaintiffs' attorneys herein failed to notify this court of any objection to their having been made parties to the said stipulation by the dictator thereof, or to apply to this court for relief therefrom during the term of this court ending September 27, 1939, nor within six months thereafter, nor until after judgment of dismissal in conformity with

said stipulation had been entered herein on the 12th day of June, 1939; and that the *remittitur* from the Supreme Court of Idaho in *Olin et al. v. Drake et al.,* civil No. 7316, was returned to and filed in this court on the 29th day of May, 1939''.

The facts disclosed by the record justify the finding made by the district judge as to the purpose of the stipulation, and that it was the intention of those who entered into it that it should apply to, and benefit, the plaintiffs in each of the five cases; also that the decision of the supreme court on appeal should be binding on each of them. The record justifies the conclusion that the attorneys for appellants knew the trial judge and counsel for respondent understood they (appellants' attorneys) had authorized Mr. Martin to stipulate on behalf of them and their clients. As pointed out by the trial judge, a copy of the stipulation appears in the transcript on appeal in the Olin case. The firm name of counsel for appellants in this case, together with the names of other attorneys, appears in the Olin case on the notice of appeal, the *praecipe,* the briefs in the supreme court and on the petition for rehearing, as counsel for appellants therein. Mr. Delana's second affidavit in support of the motion to vacate the judgment discloses that the stipulation dictated by Mr. Martin in the Olin case was presented to him. He and his clients are chargeable with notice of the contents thereof. Notice to an attorney, of facts relative to a case in which he is employed, is imputed to his client. (5 Am. Jur. 302, sec. 74.)

Even if Mr. Martin had no authority from appellants or their counsel to bind them by the stipulation which he dictated into the record, they ratified his act by their failure to repudiate it and by accepting the benefits of it. In 2 Am. Jur. 166, section 209, the rule is stated thus:

''It is a well-established rule of law that if one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the

ratification relates back and supplies original authority to do the act. In such cases, the principal, whether a corporation or an individual, is bound to the same extent as if the act had been done in the first instance by his previous authority; this is true whether the act is detrimental to the principal or to his advantage, whether it sounds in contract or tort, or whether the ratification is express or implied.'' See, also, 2 C. J. S., Agency, secs. 34, 35, 36.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Givens, Acting Chief Justice, Holden, Justice, McDougall and Porter, District Judges, concur.

Ailshie, C. J., and Budge, J., deeming themselves to be disqualified, did not sit with the court at the hearing nor participate in the decision.