593 P.2d 708

Yvonne Jean WILLIAMS,
Plaintiff-Respondent,

v.

CONTINENTAL LIFE & ACCIDENT
COMPANY, an Idaho Corporation,
Defendant-Appellant.

No. 12604.

Supreme Court of Idaho.

April 17, 1979.

Edith Miller Klein of Langroise, Sullivan & Smylie, Boise, for defendant-appellant.

Harold L. Ryan of Ryan & Sweet, Weiser, for plaintiff-respondent.

McFADDEN, Justice.

The facts of this case were stipulated to prior to trial and are summarized as follows. Plaintiff-respondent Yvonne Jean Williams is the surviving wife of Lee Williams, also known as Lee L. Williams, who

died in a tractor accident on July 22, 1974. Under the probate decree respondent was made responsible for all the community debts.

On January 9, 1973, Lee L. Williams incurred an indebtedness to the Idaho First National Bank, Weiser Branch, in the principal sum of $21,000. In connection therewith, appellant Continental Life, through its agent Idaho First National Bank, issued a certificate of credit life insurance on Williams' life in the amount of $10,000. On December 10, 1973, Lee Williams incurred a second indebtedness to the bank, this time in the amount of $6,000, and was issued a second certificate of credit insurance also in the amount of $6,000. On January 7, 1974, Lee Williams incurred a third indebtedness to the bank, also for $6,000, and was issued a third certificate of credit life insurance in the amount of $4,000. The record before us contains copies of those three certificates, but does not contain the actual applications made by the decedent. All three certificates were issued by the same Continental Life agent, Mr. Jess Walker, who was the bank manager. He was also the agent who presented proof of loss on all three policies to appellant shortly after Williams' death.

On October 29, 1974, some two and a half months after the agent submitted the claims, respondent's attorney made written demand upon appellant for payment of all three policies. Appellant thereafter paid the first policy, issued to Lee L. Williams for $10,000, but refused to pay the other two policies. Appellant asserted that it had no knowledge that Lee L. Williams and Lee Williams were one and the same individual. As a result, appellant insisted that the two unpaid policies were issued in violation of I.C. § 41–2005(4), providing a $10,000 limitation on any one debtor, and that the policies were therefore void. The premiums were refunded to respondent, who then commenced this action to recover the $10,-000 due on the two unpaid policies.

On these stipulated facts the district court rendered its judgment for respondent on the policies plus $2,500 for attorney fees. The court concluded that the agent's personal knowledge of the decedent's identity and his face to face dealings with the decedent were imputed to and binding upon appellant. The court ruled that appellant was estopped to deny liability on the policies.

Appellant has raised ten issues on appeal, which may be reduced to two issues for purposes of this opinion. The first issue is whether the agent's personal dealings with the decedent and his personal knowledge that Lee L. Williams and Lee Williams were the same person is binding on appellant. The parties stipulated prior to trial that: "Until claim was made by the plaintiff [respondent], defendant [appellate] did not know that Lee L. Williams and Lee Williams were the same person, and that the restriction on amount contained in said section 41–2005, Idaho Code, had been exceeded." Appellant contends that this stipulation is binding on respondent to the effect that appellant's lack of knowledge of essential facts precludes respondent's recovery on an estoppel theory.

■ The district court rejected appellant's contentions on this issue. The court concluded that the stipulation was limited to appellant's *actual* knowledge, as compared with its *imputed* knowledge arising from the principal-agent relationship. The district court stated in its memorandum decision that: "The actions and knowledge of defendant's [appellant's] agent are imputed to defendant [appellant] even though defendant [appellant] itself had no actual knowledge thereof." There is no error here. As this court said in *Sulik v. Central Valley Farms, Inc.*, 95 Idaho 826, 828, 521 P.2d 144, 146 (1974):

The general rule that notice to the agent is notice to the principle is well established. *Harding v. Home Investment Etc. Co.*, 49 Idaho 64, 286 P. 920 (1930); Restatement Agency 2d (1958), § 268 at p. 582 et seq.; *In re Estate of Milliman*, 101 Ariz. 54, 415 P.2d 877 (1966). *See also Claris v. Oregon Short Line R.R. Co.*, 56 Idaho 169, 51 P.2d 217 (1936), cert. denied, 297 U.S. 714, 56 S.Ct. 590, 80 L.Ed. 1000. Likewise, knowledge of the agent,

acquired during the course of the agency relationship, and while the agent is not acting in an interest adverse to that of the principal, is imputed to the principal. Restatement Agency 2d, *supra*, § 272 at p. 591, § 381 at p. 182; Seavey, Law of Agency, 1964, § 97 at p. 174; *Imperial Finance Corp. v. Finance Factors, Ltd.*, 53 Haw. 203, 490 P.2d 662 (1971); *Supreme Petroleum, Inc. v. Briggs*, 199 Kan. 669, 433 P.2d 373 (1968).

*See also Industrial Indemnity Co. v. United States F. & G. Co.*, 93 Idaho 59, 454 P.2d 956 (1969); *Mabee v. Continental Cas. Co.*, 37 Idaho 667, 219 P. 598 (1923); *Carroll v. Hartford Fire Ins. Co.*, 28 Idaho 466, 154 P. 985 (1916).

The second issue is whether the policies issued in violation of the statutory dollar limitation can be enforced.

I.C. § 41–2005(4) at the time these policies were issued provided that

The amount of insurance on the life of any debtor shall at no time exceed the amount owed by him to the creditor, or ten thousand dollars ($10,000), whichever is less, except that in case of long term agricultural real estate mortgages or agricultural short term crop production loans, the amount of insurance on the life of the debtor shall at no time exceed the amount owed by him to the creditor or twenty-five thousand dollars ($25,000), whichever is less.

Appellant maintains that the two policies issued in excess of $10,000 violate the statute, and are therefore illegal and void, regardless of the hardship occasioned by such a result. The statute itself, however, is silent as to the consequences for its breach. Moreover, the legislature in 1974 amended I.C. § 41–2005(4) to increase the limitation from $10,000 to $25,000 for all debtors and the amended statute is likewise silent as to consequence for its breach. We therefore must look to familiar rules of the common law of contracts for resolution of this case.

█ The general rule is that a contract prohibited by law is illegal and unenforceable. *Whitney v. Continental Life and Accident Co.*, 89 Idaho 96, 403 P.2d 573 (1965);

*Hancock v. Elkington*, 67 Idaho 542, 186 P.2d 494 (1947); 17 Am.Jur.2d Contracts, §§ 167–68. However, a well recognized exception to this general rule is succinctly stated in Restatement of Contracts § 599 (1932):

Where the illegality of a bargain is due to

(a) facts of which one party is justifiably ignorant and the other party is not, or

(b) statutory or executive regulations of a minor character relating to a particular business which are unknown to one party, who is justified in assuming special knowledge by the other party of the requirements of the law,

the illegality does not preclude recovery by the ignorant party . . . .

A second expression of this exception is that "[a]n innocent plaintiff may recover on an illegal agreement *which is not declared void by statute*. Such innocence exists where the plaintiff is justifiably ignorant of the circumstances causing the illegality." 14 S. Williston, Contracts § 1631 (3d ed. 1972) (emphasis added). To the same effect is 6A A. Corbin, Contracts § 1540 (1962):

If a bargain is illegal, not because a performance promised under it is an illegal performance, but only because the party promising it is forbidden by statute or ordinance to do so, the prohibition is aimed at that party only and he is the only wrongdoer. The performance itself is not even *malum prohibitum*, much less is it *malum in se*. The other party, being himself subject to no prohibition or penalty, may even be one of the class of persons for whose protection the prohibitory statute was enacted.

In these cases the refusal of all remedy against a party to the illegal bargain would penalize the very persons for whose benefit the making of such a bargain is prohibited or declared illegal. In such cases, in order to attain the purposes of the law, the courts have frequently enforced the bargain by one or more of the usual remedies, in favor of a party for whose benefit the law was intended and against a party toward whom the prohibition or penalty was directed.

**74**

In *Douglass v. Mutual Ben. Health & Accident Ass'n*, 42 N.M. 190, 76 P.2d 453 (1937), the court held that while the violation of a statute prohibiting the issuance of insurance policies until schedules of rates and forms have been filed with the superintendent of insurance may be punishable by penalty or by revocation of the insurer's license, contracts made in violation of the statute were not void. The court said: "[i]f contracts made in violation of this statute release the insurer, then its object and purpose is circumvented, and the door to injustice and oppression is wide open. The insured ordinarily would not know of any such violation . . . ." *Id.* at 463. In *Buck v. Mountain States Investment Corp.*, 76 N.M. 137, 414 P.2d 491 (1965), the insurer was attempting to defeat recovery on grounds of an illegal insurance contract. The court refused the insurer's arguments, stating that "[a] court of equity will not withhold relief where it is necessary in the interest of justice and sound public policy to enforce a contract which is inhibited by statute, but is not declared void, provided the parties are not in pari delicto." *Id.* at 495.

 In the instant case each certificate contained a $10,000 total insurance limitation. However, appellant's agent obviously disregarded this provision when he issued the three certificates. Even assuming that the decedent was aware of this limitation, there is no evidence to suggest that he had any knowledge that the statutory limitation had been exceeded. Nor does there appear any reason why the insured should not reasonably and justifiably rely upon the superior knowledge and expertise of the insurer for full compliance with the law.

Inasmuch as there is no statute declaring the policies in this case void, it seems only fair and just that the foregoing principles be applied and that appellant be held estopped from asserting the illegality of its bargained for policies. The judgment is affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.