748 P.2d 406

Lee ZUMWALT and Le Car Development Corporation, an Idaho corporation, Plaintiffs–Appellants,

v.

STEPHAN, BALLEISEN & SLAVIN, a partnership; Stephan & Slavin, a partnership; Stephan, Slavin & Eaton, a partnership; Stephan, Slavin, Eaton & Stephan, a partnership; Marcia J. Slavin, as Personal Representative of the estate of Daniel A. Slavin, deceased; and Does I through V, fictitiously named, Defendants–Respondents.

No. 16427.

Court of Appeals of Idaho.

Dec. 30, 1987.

Rehearing Denied Feb. 4, 1988.

Petition for Review Denied Feb. 18, 1988.

Allen B. Ellis, Ellis, Brown, Sheils & Steele, Boise, for plaintiffs-appellants.

J. Ray Durtschi, Elam, Burke & Boyd, Boise, for defendants-respondents.

## SUBSTITUTE OPINION ON REHEARING

The Court's prior opinion, dated June 1, 1987, is hereby withdrawn.

WALTERS, Chief Judge.

This is an appeal from a summary judgment entered in favor of the defendants in an action for damages arising from alleged malpractice by an attorney. Lee Zumwalt sued Dan Slavin, his attorney, and Slavin's law firm for Slavin's alleged negligence in failing to protect Zumwalt's ownership interest in certain real property. In a summary judgment proceeding, the district court held that the defendants' failure to inform Zumwalt of an unauthorized sale of the property estopped the defendants from raising the statute of limitation as a defense, until Zumwalt independently learned of a sale of the property. The court then determined that Zumwalt had not been diligent in bringing suit after learning of the sale. In the district court's opinion, the maximum reasonable period in which to subsequently bring suit was the two-year statutory period, which had expired. The court granted summary judgment to the defendants. Zumwalt appeals. For reasons explained below, we affirm.

The following pertinent facts are taken from the record. Zumwalt owned property in Blaine County which he intended to develop as the "Sun Mountain Condominiums". To accomplish this end, in 1973 he associated with Jay Depew, who was then an attorney. Zumwalt eventually authorized Depew to manage the property. Later, apparently because Depew's law practice was the subject of an investigation, Depew referred Zumwalt to Slavin, another attorney. Zumwalt became concerned about Depew's management and asked Slavin to protect his interest in the property. Among other tactics, Slavin and Zumwalt discussed filing a notice of lis pendens.

However, by 1977, Depew had employed a series of complex and unethical transfers to acquire title to the Sun Mountain property in his own name. On June 1, 1978, Depew executed a deed conveying the property to another party, a good faith purchaser. Slavin had not filed a notice of lis pendens as of the date the property was conveyed to the good faith purchaser. Apparently Slavin subsequently learned of that transfer. However, he did not inform Zumwalt of the sale.

On July 14, 1979, a local real estate agent informed Zumwalt of Depew's sale of the property. Zumwalt confronted Slavin with this information and then hired an Oregon attorney to investigate the matter. He received the Oregon attorney's report on September 11, 1979. That report informed Zumwalt about the issues involved in regaining title to Sun Mountain. However, the report did not directly identify the possibility of a malpractice claim against Slavin. The Oregon attorney stated in his affidavit that it was March, 1980, when he recognized the possibility of an action against Slavin. Zumwalt also alleged that he learned of Slavin's possible liability in March of 1980, when he talked with the Oregon attorney about the matter. In April of 1981, Zumwalt brought a suit seeking to quiet title to the Sun Mountain property in himself. However, he was unsuccessful in regaining title. On August 3, 1981, Zumwalt filed the instant litigation against Slavin and Slavin's law firm for

failing to protect his interest in the property.

Asserting that Zumwalt's suit was barred by the professional malpractice statute of limitation, I.C. § 5–219, the defendants moved for summary judgment. The district court ruled that a question of fact relating to equitable estoppel remained and, therefore, summary judgment was inappropriate. The material fact in question —according to the court—was the exact date Zumwalt learned of the sale.

The defendants subsequently moved again for summary judgment. In that motion, the defendants submitted that Zumwalt had learned of the sale on July 14, 1979. The court concluded that any estoppel ceased to be effective when Zumwalt learned of the sale; that once Zumwalt learned of the sale he was required to exercise due diligence; and that the maximum period of time which could be allowed to file the suit after "cessation of the estopping event" was the two-year statutory period. Because more than two years had elapsed between that event and filing of the action, the court granted summary judgment for the defendants. Zumwalt then brought this appeal.

Our standard of review of a summary judgment is well known. On appeal from a summary judgment, this Court will determine whether a genuine issue of material fact remains to be decided, based on the pleadings and affidavits. In making this determination, we construe all allegations of fact in the record, and all reasonable inferences from the record, in the light most favorable to the party opposing the motion. Upon the facts thus viewed we then must determine whether a party was entitled to judgment as matter of law. I.R. C.P. 56(c); *Hirst v. St. Paul Fire & Ma-*

*rine Insurance Co.,* 106 Idaho 792, 683 P.2d 440 (Ct.App.1984).

Idaho Code § 5–219(4) establishes a statute of limitation which generally runs for two years from the time of the occurrence, act or omission constituting malpractice. There is no broad "discovery" exception.[1] *Ogle v. DeSano,* 107 Idaho 872, 693 P.2d 1074 (Ct.App.1984). Instead, the limitation period begins to run from the date "damage" has occurred. *Treasure Valley Bank v. Killen & Pittenger, P.A.,* 112 Idaho 357, 732 P.2d 326 (1987); *Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985); *Twin Falls Clinic & Hospital Bldg. Corp. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982).

The allegedly negligent omission resulting in Zumwalt's cause of action was Slavin's failure to file a notice of lis pendens or to take other steps to protect Zumwalt's interest in the Sun Mountain property. The district court concluded that, in light of the results of Zumwalt's subsequent litigation over title to the property, any attempt by Slavin to protect Zumwalt's interest after June 1, 1978, would have proved fruitless. The court apparently believed that Slavin should have acted before that date. The court concluded that, unless an exception were applicable, the cause of action had accrued when Depew successfully conveyed the property to the good faith purchaser. The present action was filed on August 3, 1981, more than two years after June 1, 1978. Thus, unless the defendants are estopped from pleading the statute of limitation the action clearly would be barred. Zumwalt does not challenge this proposition.

Instead, Zumwalt contends that the defendants should be continuously estopped from relying upon the statute of limitation defense because Slavin failed to disclose to

---

1. I.C. § 5–219(4) provides two exceptions to the accrual-on-occurrence rule. Where foreign objects are left in a patient's body or "when the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party by an alleged wrongdoer standing at the time of the wrongful act, neglect or breach in a professional or commercial relationship with the injured party ...," a *one-year* statutory period accrues "when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of...." The district court below held that the "[p]laintiffs do not, however, seek damages arising out of placement etc. of a foreign object in the body of a person nor do they claim that Mr. Slavin fraudulently or knowingly concealed his alleged negligence from plaintiffs." Neither party takes issue with that ruling, on this appeal.

Zumwalt the fact that he had not satisfactorily protected Zumwalt's interest in the Sun Mountain property. Zumwalt asserts that Slavin's failure to reveal this material information led Zumwalt to delay filing this action. The district court examined each of the elements of estoppel,[2] found that each had been established, and concluded that the defendants were estopped from relying upon a statute of limitation defense. Zumwalt contends the court erred, however, by deciding that the basis for the estoppel was removed by Zumwalt's discovery of Depew's sale of the Sun Mountain property.

Attorney Slavin's failure to protect Zumwalt's interest in the subject property resulted in damage no later than June 1, 1978, when the property was conveyed by Depew to the bona fide purchaser. Consequently, the two-year limitation period for a malpractice action against attorney Slavin would have expired on June 1, 1980, but for the application of the estoppel doctrine.

Our Supreme Court has held that a defendant may be estopped to assert the statute of limitation as a defense if his statements or conduct induced the plaintiff to refrain from prosecuting his action during the statutory limitation period. *Theriault v. A.H. Robins Co.,* 108 Idaho 303, 698 P.2d 365 (1985); *Holmes v. Iwasa,* 104 Idaho 179, 657 P.2d 476 (1983); *Twin Falls Clinic & Hospital Building Corp. v. Hamill, supra.* Thus, in the *Twin Falls Clinic* case, the Supreme Court held that an architect was estopped to assert a statute of limitation defense because he gave assurances to owners of a building that problems observed in the structure were not due to any design defect but were unimportant symptoms of normal expansion. Conversely, in the *Holmes* case, the Court held that a doctor was not estopped to assert the statute of limitation defense because the record revealed no evidence that the doctor "made any statements or took any action in

an effort to induce the plaintiff to delay in bringing suit." 104 Idaho at 183, 657 P.2d at 482. Moreover, there was no evidence that the doctor was aware of the plaintiff's health problem (glaucoma) but had withheld such information from the patient. Similarly in the *Theriault* case, the Supreme Court held that a pharmaceutical company was not estopped to raise the statute of limitation defense against a claim for injury allegedly caused by one of its products. The Court said:

> [T]here is no evidence in the record to show that [the defendant] concealed any material facts, or made any false representations which lulled [the plaintiff] into inaction during the statutory period. Furthermore, there is no evidence before us to indicate that [the plaintiff] relied on any representations by [the defendant] in waiting to file her action.

108 Idaho at 307, 698 P.2d at 369.

The Court distinguished *Theriault* from a federal case, *Allen v. A.H. Robins Co., Inc.,* 752 F.2d 1365 (9th Cir.1985), in which Idaho law had been applied. In *Allen,* unlike *Theriault,* the pharmaceutical company was aware of dangers associated with its product, but the company continued to advertise the product as being safe. This, said the federal court, could be viewed as an effort to discourage potential plaintiffs from filing suit.

Taken together, these cases teach us that under Idaho law, a defendant may be estopped from asserting a statute of limitation defense if he says something or does something which causes the plaintiff to delay filing suit. Such conduct may consist of concealing a known fact of injury, or a danger of injury to the plaintiff. In the present case, the record would support a reasonable inference that attorney Slavin knew of the injury caused to Zumwalt when the property was conveyed to the bona fide purchaser. Slavin failed to

**2.** The elements of equitable estoppel are, (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon and (4) the

person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice. *Twin Falls Clinic & Hospital Bldg. Corp. v. Hamill,* 103 Idaho at 22, 644 P.2d at 344.

disclose this information despite a duty to speak in the attorney-client relationship. Consequently, Slavin would be estopped to assert a statute of limitation defense to the extent that Zumwalt's delay in filing suit was attributable to Slavin's failure to disclose the fact of injury.

However, it is undisputed that Zumwalt became independently aware of the fact of injury no later than July 14, 1979. Consequently, even if he had two years thereafter to file suit, his complaint on August 3, 1981, was untimely unless the delay in filing suit after July 14, 1979, was caused by some additional conduct of Slavin. We do not find such additional conduct in the record. It appears that the only contact between Zumwalt and Slavin after July 14, 1979, was a meeting in which Zumwalt told Slavin he had discovered that the property had been sold. Slavin simply replied, "Well, I'll look into it." He apparently did or said nothing further. Soon thereafter, Zumwalt changed attorneys.

Slavin's offer to "look into it" did not withhold or attempt to conceal any fact of injury to Zumwalt. At most, viewing Slavin's comment in the best light to Zumwalt, it might be characterized as a faint expression of hope that something still could be done to rectify the damage. We are not convinced that such an expression would create an estoppel even if Zumwalt relied upon it. In any event, the record does not indicate such reliance. Rather, Zumwalt's own explanation for his delay in filing suit is that attorneys other than Slavin later advised him that he might be better off to file a quiet title action or a damage action against a title company. These actions might "render any suit against Mr. Slavin for malpractice academic...." Thus, there was no showing of reliance by Zumwalt on Slavin's representation, to his detriment, which could give rise to an estoppel against later asserting the statute of limitation after the time period had expired.

Therefore, we hold that Zumwalt's action is barred by the statute of limitation. The summary judgment in favor of respondents is affirmed. Costs to respondents. No attorney fees.

BURNETT and SWANSTROM, JJ., concur.