871 P.2d 846

**Gary MASON, Plaintiff–Appellant,**

v.

**TUCKER AND ASSOCIATES, Sheri L. Schneider, John C. Tucker, Grace M. Tucker, and Diane E. Tucker Cromwell, Defendants–Respondents.**

No. 20401.

Court of Appeals of Idaho.

March 24, 1994.

Richard D. Vance, Pocatello, and Linda Q. Jones (argued), Provo, for plaintiff-appellant.

Daniel L. Hawkley, Boise, for defendants-respondents.

LANSING, Judge.

This action stems from alleged errors in the court reporter's transcript of a criminal trial conducted in federal court. The district court entered summary judgment in favor of the defendants. For the reasons stated be-

low, we affirm in part, reverse in part and remand.

## I. BACKGROUND

In 1986 Gary Mason and two co-defendants were tried on federal criminal charges before the United States District Court for the District of Idaho. Mason was convicted of the charges and imprisoned. He appealed to the Ninth Circuit Court of Appeals, which affirmed the conviction.[1] Defendant Sheri Schneider was the court reporter for the trial court. She apparently was employed by defendant Tucker and Associates ("Tucker"), a court reporting firm. The relationship between the remaining individual defendants and Ms. Schneider or Tucker is not alleged in the complaint or otherwise revealed in the record.

On February 22, 1992, Mason filed the present action based upon his assertion that the trial transcript prepared by Schneider and utilized by Mason in his appeal omitted a crucial portion of the trial. He contends that the transcript did not include a statement made by the trial judge in the presence of the jury to the effect that there was sufficient evidence to convict the defendants. Mason alleges that a motion for mistrial based on the improper comment, arguments on the motion, the trial court's denial of the motion, and the judge's curative instructions to the jury were also omitted from the transcript. Mason's complaint sought monetary damages from Tucker and Schneider based on three causes of action: breach of contract (alleging that Mason was a third-party beneficiary of a court reporting contract between the federal court and the defendants), negligence and "tortious interference with the rights of citizenship." Later an amended complaint was filed alleging three additional causes of action: fraud, and violations of Mason's civil rights remediable under 42 U.S.C. §§ 1983 and 1985.

On March 20, 1992, before filing an answer, the defendants moved for summary judgment on grounds that the statutes of limitation had expired on all causes of action.

The district court granted the defendants' motion for summary judgment on all counts. However, the court did not ground its decision on the statutes of limitation, which had been the basis of the defendants' motion and the issue to which the parties directed their affidavits and briefs. Instead, the court opined that a statute of limitation issue may only be reached if the claims "are properly grounded." The district court then granted summary judgment against Mason, resting its dismissal of each cause of action either on the ground that the allegations of the complaint failed to state a cause of action as a matter of law, or on the ground that Mason had not presented evidence to prove all elements of the cause of action. With respect to the claim for breach of contract, the district court held that Mason had presented no evidence that he was an intended beneficiary of the contract between the federal court and Tucker, and that he was not such a beneficiary as a matter of law. The two actions in tort were precluded on the ground that a court reporter's duty is statutory and runs only to the court and not to a criminal defendant. As to the claims for fraud and violation of Mason's rights under 42 U.S.C. §§ 1983 and 1985, the district court held Mason had failed to allege sufficient facts to state a cause of action.

## II. ERROR IN DISTRICT COURT'S GROUNDS FOR SUMMARY JUDGMENT

■ Mason asserts on appeal that the district court erred in granting summary judgment on bases not asserted in the defendants' motion. We agree. So far as we can discern from the record on appeal, the district court granted summary judgment on issues raised *sua sponte*, without giving notice to Mason of the need to present evidence or legal authority in support of his position on these issues. The statute of limitation defense raised by the defendants' summary judgment motion created no need for Mason to present evidence on the unrelated factual issue of whether he was an intended beneficiary of any contract between the federal court and the defendants. Nor did the de-

1. The decision is unpublished, 833 F.2d 1018 (9th Cir.1987).

fendants' motion alert him to a need to submit legal authorities and argument regarding the adequacy of his allegations to state a claim or regarding the existence of a duty of care owed to him by the court reporter.

Rule 7(b)(1), I.R.C.P., requires notice to the nonmoving party of the grounds for a motion. It states: "An application to the court for an order shall be by motion which ... shall state with particularity the grounds therefor...." In *Patton v. Patton*, 88 Idaho 288, 292, 399 P.2d 262, 264 (1965), our Supreme Court noted that this requirement of particularity in Rule 7(b)(1) is "real and substantial" and good practice "demands that the basis of a motion and the relief sought shall be clearly stated" so that the other party may not complain of surprise or prejudice. The Supreme Court then reversed the trial court's order, which had modified the child support provisions of a divorce decree following a show cause hearing, because the show cause order had given notice only of an issue as to child custody and not as to child support. Similarly, in *Hellickson v. Jenkins*, 118 Idaho 273, 796 P.2d 150 (Ct.App.1990), we held that the magistrate erred in considering evidence outside the pleadings on a motion under I.R.C.P. 12(b)(6) without expressly converting the motion to one for summary judgment under I.R.C.P. 56 and giving the parties a reasonable opportunity to present evidence pertinent to a summary judgment motion. *See also Kelly v. Hodges*, 119 Idaho 872, 876, 811 P.2d 48, 52 (Ct.App.1991) (vacating summary judgment entered on counterclaim where the motion had requested judgment only on the plaintiff's complaint).

We do not suggest that summary judgment may never be entered by a court *sua sponte* or on grounds other than those raised by the moving party. However, in such event, the party against whom the judgment will be entered must be given adequate advance notice and an opportunity to demonstrate why summary judgment should not be entered. *See* WRIGHT, MILLER & KANE, 10A FEDERAL PRACTICE AND PROCEDURE § 2720 at 27–28.

## III. STATUTES OF LIMITATION

█ The district court's error in granting summary judgment based upon rationales not raised by the motion does not necessarily require reversal. If the district court's order for summary judgment was correct, though based upon an inappropriate theory, this Court will affirm upon the correct theory. *Andre v. Morrow*, 106 Idaho 455, 680 P.2d 1355 (1984); *Southern Idaho Realty of Twin Falls, Inc.—Century 21 v. Larry J. Hellhake and Associates, Inc.*, 102 Idaho 613, 636 P.2d 168 (1981); *Robison v. Compton*, 97 Idaho 615, 549 P.2d 274 (1976); *City of Weippe v. Yarno*, 96 Idaho 319, 528 P.2d 201 (1974). Therefore, we will consider whether the summary judgment dismissing plaintiff's claims should be affirmed on the statute of limitation grounds advanced by the defendants below.

Because the standards to be applied to summary judgment by the trial court are the same as those applicable on review, *see Anderson v. City of Pocatello*, 112 Idaho 176, 179, 731 P.2d 171, 174 (1987); *Ray v. Nampa School District No. 131*, 120 Idaho 117, 119, 814 P.2d 17, 19 (1991), we may consider the statute of limitation defense presented by the defendants' summary judgment motion even though the trial court did not address that defense in its order. Summary judgment must be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). Standards applicable to summary judgment require the district court and this Court upon review, to liberally construe facts in the record and to draw all reasonable inferences from those facts in favor of the nonmoving party. If the record gives rise to conflicting inferences, or if reasonable minds might reach different conclusions, summary judgment must be denied. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991).

The defendants' motion for summary judgment and Mason's opposition to the motion were presented on minimal evidence. Viewing the slight evidence presented in the light most favorable to Mason, we glean the fol-

lowing facts. On August 27, 1986, defendant Schneider certified the transcript from Mason's criminal trial as complete and without omission. The transcript, however, was incomplete, for a number of the volumes were missing. The entire transcript was not delivered to Mason's counsel until about June 30, 1987, a few days before the oral argument on Mason's appeal to the Ninth Circuit Court of Appeals. The volumes delivered to Mason's attorney at that time were also incomplete, as the comment by the trial court regarding the adequacy of the evidence to convict the defendants, and resulting mistrial motion and argument, were omitted. On November 20, 1987, the Ninth Circuit affirmed Mason's conviction. Following this unsuccessful appeal, Mason was imprisoned in March 1988. He did not personally receive a copy of the trial transcript until October 1990.

### A. ESTOPPEL

■ We must first address Mason's argument that there are genuine issues of fact regarding his contention that equitable estoppel precludes the defendants' assertion of a statute of limitation defense. A defendant may be estopped to rely upon the statute of limitation if his statements or conduct caused the plaintiff to refrain from prosecuting an action during the limitation period. *Theriault v. A.H. Robins Co. Inc.*, 108 Idaho 303, 307, 698 P.2d 365, 369 (1985); *Zumwalt v. Stephan, Balleisen & Slavin*, 113 Idaho 822, 748 P.2d 406 (Ct.App.1987). The elements of equitable estoppel are:

[A] false representation or concealment of a material fact with actual or constructive knowledge of the truth; the party asserting estoppel did not know or could not discover the truth; the false representation or concealment was made with the intent that it be relied upon; and that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice. ·

*Williams v. Blakley*, 114 Idaho 323, 325, 757 P.2d 186, 188 (1987).

Mason contends that because the reporter's certificate on the trial transcript misrepresented that the transcript was a "full, true, and accurate record" of the trial, and because the defendants allegedly concealed the fact that the transcript omitted part of the trial proceedings, he was unable to discover that a portion of the transcript was missing until he personally obtained a copy in October 1990. Therefore, he avers, the defendants are estopped to assert that the statute of limitation began running on Mason's claims prior to October 1990.

■ Even assuming that the alleged misrepresentation and concealment are grounds for estoppel, Mason is incorrect in asserting that the estoppel could not cease until he personally gained actual knowledge of the omissions in the transcript. First, the application of equitable estoppel to preclude a statute of limitation defense may be made only for so long as the plaintiff did not know and *could not discover* the truth. *Id. Zumwalt v. Stephan, Balleisen & Slavin, supra.* The one relying upon the acts of the party who is to be estopped must be excusably ignorant of the· true facts. *Alder v. Mountain States Telephone & Telegraph Co.*, 92 Idaho 506, 446 P.2d 628 (1968).

■ Second, Mason's argument fails to take into account the knowledge possessed by his attorney in preparing and arguing Mason's appeal to the Ninth Circuit. Knowledge acquired by an agent during the course of the agency relationship, and while the agent is not acting in an interest adverse to that of the principal, is imputed to the principal; and notice to an agent constitutes notice to the principal. *State ex rel. Kidwell v. Master Distributors, Inc.*, 101 Idaho 447, 458, 615 P.2d 116, 127 (1980); *Williams v. Continental Life & Accident Co.*, 100 Idaho 71, 72–73, 593 P.2d 708, 709–10 (1979). This rule applies to the agency relationship between a client and an attorney. "Notice to an attorney, of facts relative to a case in which he is employed, is imputed to his client." *Doner v. Honstead*, 61 Idaho 669, 676, 106 P.2d 868, 871 (1940).

Thus, estoppel would operate to toll the statute of limitation on Mason's claims only until Mason or his attorney had acquired knowledge of facts or gained possession of sufficient evidence from which either of them

reasonably could have discovered the deficiencies in the transcript.

Ordinarily, a question of when the falsity of a representation or concealment should have been discovered is a question of fact for the jury. Nonetheless, when only one reasonable conclusion can be reached from uncontroverted evidence, the issue may be resolved by the court on summary judgment. As our Supreme Court stated regarding the closely-related issue as to when one injured by fraudulent misrepresentations should have discovered the fraud:

> [T]he issue of whether a claim is barred by the statute of limitations may be a question of fact or a question of law, depending on whether any questions of material fact exist. If there are no questions of material fact, the question is one of law. If there is conflicting evidence as to when a fact was known or reasonably should have been known, it is a question of fact. *Reis v. Cox,* 104 Idaho 434, 438, 660 P.2d 46, 50 (1983). The Court of Appeals has held that "[o]rdinarily, what constitutes [the exercise of] reasonable diligence to discover fraud so as to affect the time when the statute of limitations begins to run is a question of fact for the jury.... Of course, where only one conclusion can be drawn from the evidence, the question of reasonable diligence to discover fraud may be decided by the court as a matter of law." *Full Circle, Inc. v. Schelling,* 108 Idaho 634, 638, 701 P.2d 254, 258 (Ct.App. 1985).

*Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 614, 826 P.2d 1322, 1326 (1992).

■ With these legal principles· in mind, we examine the evidence submitted to the court below in connection with the summary judgment motion. According to Mason's own allegations, his attorney had received all volumes of the transcript by about June 30, 1987, just days prior to the oral argument on the appeal. The attorney representing Mason on the appeal of his criminal conviction was the same attorney who represented him at the trial. Therefore, Mason's appellate attorney was aware of the denial of the mistrial motion as a potential basis for appeal. Drawing all reasonable inferences in favor of Mason, we conclude that Mason's attorney, in the exercise of reasonable diligence, would have discovered the transcript's exclusion of a portion of the trial proceedings not later than the oral argument on the appeal, in early July 1987. We can perceive no reasonable view of the evidence which would permit a conclusion that upon completion of all of his work on the appeal, Mason's attorney reasonably could have remained ignorant of the deficiencies in the transcript which were allegedly prejudicial to the appeal. Therefore, we hold that the attorney, as Mason's agent, was on notice of the alleged facts giving rise to the estoppel not later than July 1987, and that this notice is imputed to Mason as a matter of law. Consequently, any tolling of the limitation period for Mason's claims by reason of equitable estoppel ended by July 1987.

Having determined this cessation date of equitable estoppel for summary judgment purposes, we next consider the statute of limitation defense to each of Mason's causes of action.[2]

## B. FRAUD

The fraud count in Mason's amended complaint alleges that the defendants certified the trial transcript to be complete and without omission, that they intentionally and fraudulently excised from the transcript all reference to Mason's motion for a mistrial and that they deliberately delayed delivery of the entire 23–volume transcript until a few days before oral argument on the appeal in order to prevent Mason and his counsel from

---

**2.** Mason does not maintain that the statutes of limitation on his claims were tolled by terms of I.C. § 5–230 which, prior to 1993 provided:

> If a person entitled to bring an action ... be, at the time the cause of action accrued, either:
>
> . . . . .
>
> (3) Imprisoned on a criminal charge, or in execution under the criminal court for a term

less than life; the time of such disability is not a part of the time limited for the commencement of the action....

I.C. § 5–230 (1990) (amended 1993). Mason apparently concedes that this statute is inapplicable because he was not imprisoned until March 1988, after his causes of action had already accrued.

discovering that portions of the transcript were missing. Mason contends that, as a result of this fraudulent conduct, he and his counsel were unaware that portions of the record were omitted, and that Mason was thereby prejudiced in his appeal.

A three-year statute of limitation for fraud is established by I.C. § 5–218(4). This section provides that a cause of action for fraud is not deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud. Mason's argument regarding the date of accrual of the cause of action for fraud is identical to his argument on equitable estoppel. He maintains that he did not discover the alleged fraud until October 1990 and, therefore, the three-year limitation period had not expired when his complaint was filed in February 1992.

■ Although I.C. § 5–218(4) specifies that a cause of action for fraud does not accrue until discovery of the facts constituting the alleged fraud, "actual knowledge of the fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence." *Nancy Lee Mines, Inc. v. Harrison*, 95 Idaho 546, 547, 511 P.2d 828, 829 (1973); *Accord Gerlach v. Schultz*, 72 Idaho 507, 514, 244 P.2d 1095, 1099 (1952). For the same reason that any operation of equitable estoppel terminated in July 1987, we conclude that the discovery criterion for accrual of Mason's cause of action for fraud did not toll the statute of limitation beyond July 1987. In the exercise of due diligence, Mason's attorney could have discovered the alleged fraud by that time.

■ It is possible, however, that Mason's cause of action for fraud had not yet accrued in July 1987 because Mason had not then been injured by the fraud. Damage is an essential element of a claim for fraud, and a false representation which causes no injury is not actionable. *W.O. Kepler v. WHW Management, Inc.*, 121 Idaho 466, 478, 825 P.2d 1122, 1133 (Ct.App.1992); *Bryant Motors, Inc. v. American States Insurance Companies*, 118 Idaho 796, 800, 800 P.2d 683, 687 (Ct.App.1990). Therefore, Mason's fraud claim could not have accrued until some injury resulted. The harm of which Mason complains is impairment of his appeal. Accord-

ingly, the latest possible date at which Mason sustained damage from the alleged fraud was November 20, 1987, when the Ninth Circuit Court of Appeals affirmed Mason's conviction. Mason's cause of action for fraud accrued not later than that date.

Because Mason commenced this action more than three years after November 20, 1987, the claim is time-barred. Therefore, the district court's dismissal of the fraud count is affirmed.

## C. NEGLIGENCE

■ Mason also asserts a cause of action for negligence. The alleged negligence occurred in 1986 or 1987 when the transcript of the criminal trial was prepared and certified to be complete.

Like the fraud count, Mason's claim for negligence did not become actionable, and the limitation period did not commence, until he suffered some damage. In *Stephens v. Stearns*, 106 Idaho 249, 254, 678 P.2d 41, 46 (1984) our Supreme Court stated:

> It is axiomatic that in order to recover under a theory of negligence, the plaintiff must prove actual damage. As a general rule "the statute of limitations does not begin to run against a negligence action until some damage has occurred." W. Prosser, HANDBOOK OF THE LAW OF TORTS § 30 (4th ed. 1971).

Our appellate courts have consistently applied this rule in professional malpractice actions. *E.g. McCoy v. Lyons*, 120 Idaho 765, 820 P.2d 360 (1991); *Bonz v. Sudweeks*, 119 Idaho 539, 808 P.2d 876 (1991); *Hawley v. Green*, 117 Idaho 498, 788 P.2d 1321 (1990); *Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (1985). Accordingly, we conclude that this cause of action, like the fraud claim, accrued no later than November 20, 1987, when Mason's conviction was affirmed on appeal.

Mason urges that his cause of action for negligence is governed by I.C. § 5–219(4), the two-year statute of limitation for personal injury and professional malpractice actions. Applying that statute, Mason's negligence claim fails because his complaint was filed more than four years after accrual of

the cause of action. Even if the applicable statute of limitation is not I.C. § 5-219, as asserted by Mason, but is I.C. § 5-224, which provides a four-year limitation period for any actions that are not otherwise provided for, the negligence claim remains time-barred.

## D. TORTIOUS INTERFERENCE WITH RIGHTS OF CITIZENSHIP

 Mason's amended complaint alleges that he has "a specific right as a citizen to have judicial proceedings in which he is involved fairly and accurately reported and transcribed," and that "without this right, plaintiff's constitutional right to a full and fair appeal on the record is rendered null and void." The complaint then avers that the defendants tortiously interfered with these rights. Assuming, *arguendo*, that this count alleges a cognizable claim, the longest possible limitation period which could apply is the four-year period prescribed by I.C. § 5-224. The claim is therefore untimely.

## E. CLAIMS UNDER 42 U.S.C. §§ 1983 AND 1985

 Two of Mason's causes of action allege that the defendants, acting under color of state law, conspired to deprive him and did deprive him of his constitutional right to a full and fair trial and appeal in the criminal case. These counts also allege that the defendants deprived Mason of his right to equal protection and his right to due process of law. Mason sought relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

Congress provided no federal statute of limitation for an action brought under 42 U.S.C. § 1983 or § 1985. However, the United States Supreme Court has held that, because Section 1983 actions are analogous to actions for injuries to personal rights, they are subject to the state statute of limitation for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The pertinent Idaho statute is I.C. § 5-219(4), which provides a two-year statute of limitation for actions based on personal injury.

The *Wilson* decision discussed only the statute of limitation for Section 1983 claims

and did not address Section 1985. However, at least two federal circuit courts of appeals have held that, because Section 1985 is intended to remedy the same type of harms that are addressed by Section 1983, an action under Section 1985 is also subject to the state statute of limitation for personal injury claims. *McDougal v. County of Imperial,* 942 F.2d 668, 673–74 (9th Cir.1991); *Bougher v. University of Pittsburgh,* 882 F.2d 74, 79–80 (3d Cir.1989). We agree with the rationale of those decisions and conclude that I.C. § 5-219(4) is also applicable to Mason's cause of action for relief under 42 U.S.C. § 1985.

Idaho Code § 5-219(4) is the same statute of limitation discussed above in reference to Mason's negligence claim. Like the cause of action for negligence, Mason's claims under 42 U.S.C. §§ 1983 and 1985 are untimely. Therefore, there was no reversible error in the district court's dismissal of these causes of action.

## F. BREACH OF CONTRACT

Lastly, Mason alleges that he was an intended third-party beneficiary of the court reporting contract between the federal court and the defendants. Mason claims that the omission of a portion of the criminal proceedings from the transcription of the trial constitutes a breach of contract for which he may recover.

 A cause of action for breach of contract accrues upon the breach even though no damage may occur until later. WALTER H.E. JAEGER, 18 WILLISTON ON CONTRACTS § 2021A at 698 (3d ed. 1978); 51 AM.JUR.2D *Limitation of Actions* § 126 (1970). The alleged breach here occurred when an erroneous transcript, certified to be accurate and complete, was first delivered by the reporter to the court or to a party to the criminal proceeding. At that time, Mason could have brought an action for specific performance, assuming (as we must for review of this summary judgment motion) that he was an intended third-party beneficiary of the contract. *See* WALTER H.E. JAEGER, 11 WILLISTON ON CONTRACTS § 1421 (3d ed. 1968).

The parties made no record in the summary judgment proceeding as to when a delivery of the inaccurate transcript first occurred. However, it is uncontroverted that the delivery occurred prior to July 1987, the time at which, for purposes of this summary judgment review, we have found that equitable estoppel ceased to toll the statute of limitation.

 The record does not establish whether the contract in question was written or oral. We are therefore unable to ascertain whether Mason's breach of contract claim is governed by the five-year statute of limitation for written contracts, I.C. § 5–216, or the four-year limitation period for oral contracts, I.C. § 5–217. Because this action was filed more than four years but less than five years after July 1987, if the contract upon which Mason sues was unwritten, the claim is time-barred; but if the contract was in writing, Mason's breach of contract action was filed within the limitation period.

The statute of limitation is an affirmative defense for which the defendants bear the burden of proof, *Hawley v. Green,* 117 Idaho at 504, 788 P.2d at 1327 (1990); and as the parties moving for summary judgment, the defendants bear the burden of demonstrating the absence of a genuine issue of fact material to their statute of limitation defense. *Hawley,* 117 Idaho at 504, 788 P.2d at 1327; *Petricevich v. Salmon River Canal Co.,* 92 Idaho 865, 868, 452 P.2d 362, 365 (1969). They have not met that burden here. The summary judgment record is inadequate to determine which statute of limitation applies and whether the breach of contract claim is time-barred. Therefore, the order granting summary judgment on this cause of action must be reversed.

## IV. CONCLUSION

The district court's judgment dismissing Mason's causes of action for fraud, negligence, tortious interference with rights of citizenship and violation of rights under 42 U.S.C. §§ 1983 and 1985 is affirmed on grounds that those claims are barred by statutes of limitation. With respect to the dismissal of Mason's cause of action for breach of a third-party beneficiary contract, the judgment is reversed, and the case is remanded for further proceedings.

Costs to appellant. No attorney fees on appeal are awarded to either party.

WALTERS, C.J., and PERRY, J., concur.