511 P.2d 828

NANCY LEE MINES, INC., an Idaho corporation, Plaintiff-Respondent,

v.

Phyllis HARRISON, Executrix of the Estate of Grace G. Harrison, Deceased, and Richard G. Magnuson, Administrator of the Estate of Lester S. Harrison, Deceased, Defendants-Respondents,

and

Emil Heber and Albert Lissy et al., Intervenors-Appellants.

No. 11155.

Supreme Court of Idaho.

July 5, 1973.

Harvey Erickson, Spokane, Wash., J. H. Felton, Lewiston, for intervenors-appellants.

William A. Reagan, Thomas A. Mitchell, Coeur d'Alene, for respondent Nancy Lee Mines, Inc.

James P. Keane, Brown, Peacock, Keane & Boyd, Kellogg, for appellee.

McQUADE, Justice.

This action was instituted by the plaintiff-respondent, Nancy Lee Mines, Inc., against the Lester S. Harrison estate to recover stock purchased by decedent at two separate stock assessment sales occurring in 1958. Intervenors-appellants Emil Heber and Albert Lissy as representatives in a class action subsequently filed an amended complaint in intervention asking for judgment against either the Harris estate or Nancy Lee Mines, Inc. Intervenors-appellants alleged fraud and illegal procedures surrounding the two assessment sales in question.

Motions for summary judgment were filed by all parties, the trial court granting defendants-respondents' motion against plaintiff-respondent, and denying intervenors-appellants' motion against defendants-respondents. Trial was held on the amended complaint in intervention and a judgment was entered in favor of defendants-respondents. This appeal is from that judgment.

The two assessment sales in question, assessment 9A and assessment 10A, occurred in May and September of 1958. The assessments had been levied in an attempt to secure enough money to work the Nancy Lee Mine. At the trial the State of Idaho was named by class counsel as·a member of the class in an effort to claim any aban-

doned shares of property. The State, however, was never made a party to the action.

Appellants make six assignments of error. First, appellants' claim that both the assessment levies and the sales for delinquent assessments were void. Second, appellants claim that the trial court erred in rejecting interrogatories submitted by plaintiff and answered by the intervenors-appellants. The third assignment alleges that there was no issue of fact and appellants' motion for summary judgment should have been granted. The fourth assignment of error alleges that there was substantial and competent evidence of fraud by Lester S. Harrison, the manager and attorney for Nancy Lee Mines, Inc., and that this should delay the running of the statute of limitations until the actual discovery of the fraud. The fifth assignment of error alleges that the requirements of appearance and a filing fee of $10.50 unduly limited class representation. The last assignment of error alleges that it was error to disregard the claims of the State of Idaho to the abandoned property.

The decisive issue to be determined in this case is whether the cause of action is barred by the statute of limitations. The Idaho Limitation Statute applicable in the present case is I.C. § 5–218, which reads in pertinent part:

"*Statutory liabilities, trespass, trover, replevin and fraud.*—Within three years:

   \*      \*      \*      \*      \*      \*

3. An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property.

4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party, of the facts constituting the fraud or mistake."

Unless there was undiscovered fraud in this case, the action would be barred under I. C. § 5–218 since at least ten years elapsed from the time of the accrual of the action before this action was instituted. The actions complained of occurred in 1958 and 1959; this action was not instituted until 1969.

As noted in I.C. § 5–218, the statute does not begin to run in fraud cases "until the discovery" of the fraud. However, actual knowledge of the fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence.[1] It is unnecessary to consider the issue of whether or not there was any fraud (actual or constructive) in this case. If there was any fraud it could have been discovered in the exercise of reasonable diligence at the time it was alleged to have been committed.

The reasoning of the Washington Supreme Court in Davis v. Harrison[2] is applicable in this case:

"We hold that this action was barred by the three year statute of limitations, whether appellants had actual knowledge of the various transactions or not, for the reason that the facts were open and appeared upon the records of the corporation, subject to inspection by stockholders. If the stockholders failed to examine the corporate records, they must have been negligent and careless of their own interests. The means of knowledge were open to them, and means of knowledge are equivalent to actual knowledge."[3]

In the present case the intervenors-appellants represent a group who were stockholders in Nancy Lee Mines, Inc. at the time of Assessment Sales 9A and 10A. From the record it appears that these stockholders were notified of the assessments and of the subsequent assessment

1. Gerlach v. Schultz, 72 Idaho 507, 514, 244 P.2d 1095 (1952) ; Mason v. Laramie Rivers Company, 490 P.2d 1062 (Wyo. 1971).

2. 25 Wash.2d 1, 167 P.2d 1015 (1946).

3. *Id.*, 167 P.2d at 1024.

sales. The exhibits show that written notices of the assessments and sale upon non-payment were mailed to the last known post office addresses of each and every stockholder of record of the corporation. Notice concerning the assessments was also given by publication. Intervenors-appellants had access to the corporate records by authority of I.C. § 30–144, which provides in pertinent part:

"*Corporate books and records—Right of shareholders to inspect—Penalties for violation.—*

\* \* \* \* \* \*

"4. Every shareholder shall have a right to examine in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, any and all of the books and records of the corporation and to make extracts therefrom except, that no stockholder owning less than ten percent (10%) of the total capital stock of the corporation, shall, without special permission given by the board of directors of the corporation, by resolution duly made and entered at a meeting of the board, make or take any list of the names and addresses of the stockholders of the corporation."

It is argued that the State of Idaho is not bound by any statute of limitations, and thus, is not bound by the provisions of I.C. § 5–218 in this case.[4] The State of Idaho, however, was never made a party to this action at the district court level. Any rights of the state would enure from absent involved stockholders. No showing is made in the briefs that the statute of limitations is inapplicable to any such absentee stockholders. It is therefore unnecessary to determine questions involving any claim by the State of Idaho to unclaimed shares of stock.

Appellants allege that the district court erred in rejecting interrogatories submitted by plaintiff and answered by the intervenors. This ruling was based on an alleged procurement of the absence of witnesses,[5] a violation of I.R.C.P. 26(d).[6] The interrogatories in question were propounded by plaintiff under I.R.C.P. 33. These interrogatories were not served on defendants as required under I.R.C.P. 31(a). In view of this failure of service and the failure to actively pursue attendance of the witnesses, the court properly refused to admit the interrogatories.

The appearance and filing fee requirements need not be examined in this case since the outcome would remain the same.[7] Absent as well as appearing members of the class were precluded from bringing the action due to I.C. § 5–218.

The judgment and decree of the trial court is affirmed. Costs to respondents.

DONALDSON C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

---

4. *See* I.C. § 14–532.

5. Each member of the class was sent a postcard by their counsel which read: "Trial of this case will commence in Wallace, Idaho, District Court at 9:30 a. m. on March 28, 1972. You are invited but not required to attend. In any event, you will be notified sometime later of the result of the trial.
    J. H. Felton, Attorney at Law
    Harvey Erickson, Attorney at Law"

6. I.R.C.P. 26(d)(3) reads in pertinent part: "Use for any purpose—The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: \* \* \* 2. that the witness is at a greater distance than one hundred (100) miles from the place of trial or hearing, or is out of the state of Idaho, unless it appears that the absence of the witness was procured by the party offering the deposition \* \*."

7. For a recent discussion by this Court of the Idaho Rules of Civil Procedure concerning class actions, see Bush v. Upper Valley Telecable Co., 96 Idaho —, — P.2d —, (1973).