826 P.2d 1322

KAWAI FARMS, INC., an Idaho corporation, Plaintiff–Counterdefendant–Appellant,

v.

Garret J. LONGSTREET and Edward J. McNelis, individually and as co-partners, d/b/a L & M Enterprises, a co-partnership, Defendants–Counterplaintiffs–Respondents.

No. 18501.

Supreme Court of Idaho.

Boise, February 1991 Term.

March 16, 1992.

Rehearing Denied March 16, 1992.

Raymond D. Schild, Boise, Idaho, for plaintiff-counterdefendant-appellant.

Givens, Pursley, Webb & Huntley, Boise, Idaho, for defendants-counterplaintiffs-respondents. Michael T. Spink argued.

BISTLINE, Justice.

The appellant, Kawai Farms, Inc. (Kawai) appeals the district court's grant of summary judgment and dismissal to the respondents, Garret J. Longstreet and Edward J. McNelis (Longstreet). We reverse and remand.

Kawai and Longstreet entered into a real estate exchange agreement, in which an apartment building and car wash owned by Kawai were exchanged for twenty-one lots of land (known as the Payette River Ranchettes) owned by Longstreet. The difference in the value of these properties according to the exchange agreement was $115,500, and Kawai agreed in writing to make up this difference by paying Longstreet $17,500 upon the signing of the agreement. The balance, $98,000, was to be covered by a promissory note secured by a purchase money mortgage on the land lots to be transferred to Kawai. The note would be payable to Longstreet at the rate of $2,000 each month.

The exchange agreement was signed July 15, 1986, but Kawai failed to make payments on the properly executed and delivered note. Longstreet filed an action in district court in Boise County on February 23, 1987 (hereinafter the 1987 litigation), seeking payment of the promissory note and foreclosure of the purchase money mortgage which was security for the note. Kawai counterclaimed, alleging that Longstreet falsely represented the value of the Payette River Ranchettes, failed to show Kawai the entire property, falsely represented the condition of the property, and falsely stated the name of an adjacent landowner.

The issues raised in the initial complaint and the counterclaims did not go to trial, but were settled on November 3, 1987, by the terms of a duly executed and properly acknowledged "supplemental agreement," wherein Kawai agreed to pay Longstreet $10,000, the $98,000 note referred to in the exchange agreement was canceled, and a new note for $75,000 was executed, payable to Longstreet $2,000 monthly. In addition, the supplemental agreement stated that:

3. The parties have negotiated a settlement to their disputes regarding the Promissory Note and the Party of the Second Part's [Longstreet's] mortgage foreclosure action.

. . . .

5. Upon the execution of this agreement, the pending litigation in Boise County designated as GARRET J. LONGSTREET, Plaintiff and Counterdefendant vs. KAWAI FARMS, INC., an Idaho corporation, Defendant and Counterclaimant, Case Number DC–1345, shall be dismissed with prejudice and each party shall be responsible for their own attorneys' fees and costs.

R. 32, 34.

Approximately ten months after the execution of the supplemental agreement which terminated the 1987 litigation, Kawai initiated the litigation that resulted in this appeal (hereinafter the 1988 litigation). Kawai's 1988 complaint alleged a further fraudulent misrepresentation by Longstreet concerning which Kawai asserted it had no knowledge, namely that Longstreet had induced Kawai to enter into the September 1986 exchange agreement by misrepresenting that there was an adequate supply of groundwater available for domestic use from wells drilled on the Payette River Ranchettes, and that sewage systems

could be installed for as little as $750 a lot. Kawai sought restoration to the status quo of the parties as it existed prior to the July 15, 1986 execution of the exchange agreement, specifically seeking cancellation of the note referred to in the supplemental agreement, return of all payments made on both notes and, in addition, the dollar value of the land as represented in the exchange agreement, and punitive damages.

It is not clear from the complaint on what facts Kawai had based its 1987 allegation that Longstreet falsely represented the value of the property. However, it does clearly appear that Kawai's answers to interrogatories in that earlier action did not list any experts who would be expected to testify relative to the availability of groundwater or the costs of installing a sewer system. Those answers did list three real estate agents expected to testify to the value of the land.

In an affidavit filed in opposition to Longstreet's motion for summary judgment in this instant second litigation, George Kawai, the president of the appellant corporation, explained how he had learned of the alleged misrepresentations:

16. Sometime in the late winter or early spring of 1988, in the course of preparing for the marketing of the recreation lots, through information obtained from the offices of the Idaho Department of Water Resources and information received from engineers and hydrologists familiar with the Payette River Ranchettes Subdivision property, Plaintiff [Kawai] learned that all of the aforesaid representations of the Defendant Longstreet as to the existence of domestic wells upon the property; the availability of an adequate and accessible source of subterranean water underlying said properties; the depth of the water table; and the cost of installing individual lot sewage systems were totally false, and were then and there known to be false and misleading by the Defendants.

R. 99–100.

Mark L. Clark, who had been counsel for Kawai in the 1987 litigation, in an affidavit filed in opposition to Longstreet's 1988 motion for summary judgment, stated that none of the allegations in Kawai's counterclaim in the 1987 action had anything to do with representations or misrepresentations as to the available water. He further stated that he was not aware of any problem with water availability until *after* the Kawai counterclaim, filed in response to Longstreet's action to collect on the promissory note, had been dismissed as a part of the 1987 settlement and dismissal of both actions. In this 1988 litigation, the district court observed in a memorandum decision that "the representations alleged in this case *were not alleged* in the previous case...." (Emphasis added.)

Kawai contends that the fraudulent Longstreet inducements which resulted in the Exchange Agreement were as to the value of the property, as to the condition of the property, and as to the name of an adjacent landowner. In the 1988 action, however, Kawai's allegations of fraudulent misrepresentation included none of the allegations of his 1987 counterclaim. Instead he alleged that Longstreet misrepresented that there was an adequate supply of · groundwater available, and that a septic system could be installed for as little as $750 per lot.

■ The district court in granting Longstreet's motion for summary judgment and dismissing Kawai's action, ruled as a matter of law that it was barred by the doctrine of res judicata. The court's memorandum decision reads, in relevant part:

Claim preclusion extends the effect of a judgment to all issues relevant to the same claim whether they were raised at trial or not. A plaintiff is not permitted to retry a lawsuit already resolved on the basis of new evidence or a different legal theory.

In *Full Circle, Inc. v. Schelling*, 108 Idaho 634, 701 P.2d 254 (Ct.App.1985), the Court of Appeals addressed the issue of when a cause of action for fraud accrues and acknowledged the general rule that it accrues at the time the fraud would have been discovered in the exercise of reasonable diligence. While the case is not precisely on point since it

deals with the accrual of causes of action, not the 'transaction' requirement of the doctrine of res judicata, counsel contend that if the fraud could not have been discovered with reasonable diligence, it need not have been tried in the prior action, it is not barred by res judicata and the issue of reasonable diligence is a jury issue.

First, this case involves the question of whether another claim for fraud arising out of the representations about the property made at the same time may be brought. The policy considerations underlying the doctrine of res judicata are aimed at discouraging the splintering of actions, at precluding repetitive actions based on the same transaction. It is a different question than the question of when a cause of action accrues. If the first case had been tried, proof of the value of the lots would have been essential to the plaintiff's claim for fraud. Whether developable property has adequate water and the potential for decent sewage disposal is a key factor in the value of the property. Res judicata bars relitigation of the same claim even if there is new evidence to support it. The claim, that false representations were made about the characteristics of the property and that because of the allegedly false claims the property has a lower value, or as plaintiff contends, no value, is the same claim. The claim is barred by res judicata. Even if *Full Circle* applied to this case, where only one conclusion can be reasonably drawn from the evidence, the exercise of reasonable diligence to discover fraud may be resolved by the court as a matter of law. Access to a water supply is a key feature of residential property and of its value. The plaintiff owned the lots since 1986. He would have had to prove value to prove his case. Moreover, the drilling records which he did not find until 1988 and which revealed the water problems, were public record and were filed between 1979 and 1982. *See, Nancy Lee Mines, Inc. v. Harrison,* 95 Idaho 546, 511 P.2d 828 (1973). Thus, even if *Full Circle* applies, the plaintiff failed to exercise reasonable diligence and the claim is barred.

Memorandum decision at 174–75. The validity of that holding is the sole issue presented on appeal. As this is a question of law, we exercise free review. *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989).

As a preliminary matter, we note that the supplemental agreement signed by the parties was in effect a Rule 41 stipulation to dismiss the 1987 litigation initiated by Longstreet. At all times relevant, Rule 41 stated that "[a]n action may be dismissed by the plaintiff without order of court … (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice…." I.R.C.P. 41(a)(1). As our Court of Appeals recently noted:

Adoption of I.R.C.P. 41(a)(1) and 41(a)(2) (hereinafter Rules), … has altered the practice of obtaining a voluntary dismissal. The Idaho Rules, which are almost identical to the corresponding federal rule, define three ways to dismiss an action. The first and second methods, covered by Rule 41(a)(1), provide for dismissal by notice or by stipulation of the parties. Rule 41(a)(2) provides for dismissal by order of the court. Generally, voluntary dismissal under Rule 41(a)(1) is a matter of right; the plaintiff need not obtain the court's consent to do so.

*Rohr v. Rohr,* 118 Idaho 698, 701, 800 P.2d 94, 97 (Ct.App.1990), quoted with approval in *Rohr v. Rohr,* 118 Idaho 689, 692, 800 P.2d 85, 88 (1990). Stated with more precision, the threshold issue before us is whether a Rule 41 stipulation of dismissal with prejudice entered into before trial has commenced may have res judicata effect as to bar a subsequent action between the parties on specific issues which were not raised in the first action and which was dismissed by settlement and stipulation.

This Court in *Diamond v. Farmers Ins.,* 119 Idaho 146, 804 P.2d 319 (1990), discussed the Court of Appeals decision in *Aldape v. Akins,* 105 Idaho 254, 668 P.2d

130 (Ct.App.1983), and the doctrine of res judicata. In the course of the *Diamond* opinion, this Court reaffirmed a statement made almost seventy years earlier:

> We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit.

*Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922) (citations omitted); quoted with approval in *Diamond,* 119 Idaho at 148, 804 P.2d at 321.

■ Case law discussing the effect of a Rule 41 stipulation of dismissal with prejudice confirms that the doctrine of res judicata is as applicable here as if the parties had proceeded to trial. *Reynolds v. International Harvester Co.,* 141 F.Supp. 371, 371 (N.D.Ohio 1955) ("[o]n stipulation of the parties, in which plaintiff's attorney joined, an order was entered dismissing the case with prejudice and without costs, the order there entered is res judicata as to this action"); *Burns v. Fincke,* 197 F.2d 165, 166 (D.C.Cir.1952) ("[s]ince the stipulation provides for dismissal with prejudice, the first action is *res judicata* of the matters covered by the cause of action and counterclaim therein") (citation omitted).

Kawai argues that the subsequent action should not be barred by the doctrine of res judicata because it had not discovered all of the fraudulent misrepresentations and the extent thereof at the time of the first suit. As related in the affidavit filed in opposition to summary judgment, Kawai's president learned of Longstreet's alleged misrepresentations only on reviewing the public records of the Idaho Department of Water Resources, and prior to that time was uninformed in that regard.

However, "[a]ctual knowledge of the fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence." *Nancy Lee Mines, Inc. v. Harrison,* 95 Idaho 546, 547,

511 P.2d 828, 829 (1973). The district court found that Kawai had not exercised due diligence as a matter of law because it could have discovered the fraud by examining public records regarding the condition of the law.

■ This court has held the issue of whether a claim is barred by the statute of limitations may be a question of fact or a question of law, depending on whether any questions of material fact exist. If there are no questions of material fact, the question is one of law. If there is conflicting evidence as to when a fact was known or reasonably should have been known, it is a question of fact. *Reis v. Cox,* 104 Idaho 434, 438, 660 P.2d 46, 50 (1983). The Court of Appeals has held that "[o]rdinarily, what constitutes [the exercise of] reasonable diligence to discover fraud so as to affect the time when the statute of limitations begins to run is a question of fact for the jury.... Of course, where only one conclusion can be drawn from the evidence, the question of reasonable diligence to discover fraud may be decided by the court as a matter of law." *Full Circle, Inc. v. Schelling,* 108 Idaho 634, 638, 701 P.2d 254, 258 (Ct.App. 1985). Although the above cases discuss the issue when a fact should have been discovered for purposes of the statute of limitations, there exists no reason why the same analysis does not apply to the question here.

Thus, the question is refined to: whether more than one conclusion as to whether Kawai exercised due diligence could be drawn from the evidence in this case. In the case relied upon by the district court, *Nancy Lee,* 95 Idaho at 547, 511 P.2d at 829, the plaintiffs were stockholders in a corporation who alleged that the corporation and a third party had entered into a fraudulent stock transaction. The stockholders did not file suit until ten years after the allegedly fraudulent sales had taken place. This Court held that the statute of limitations on the fraud claim had run because the plaintiffs were aware of the transactions and the fraud therein could have been discovered simply by ex-

amining the corporate records to which the plaintiffs had access.

*Nancy Lee* is distinguishable from this case because there the stockholders were notified of the assessment sales both by mail and by publication, and they had the statutory right to inspect the corporate records if they wished. Further, not involved in *Nancy Lee* were allegations that defendants' misrepresentations were believed, for which reason Kawai saw no need to investigate as to the truth thereof, or the lack of truth. Thus, *Nancy Lee* does not establish as a matter of law that Kawai did not exercise due diligence. Conversely, of course, Longstreet can contend that Kawai should not have believed him.

In *Gerlach v. Schultz*, 72 Idaho 507, 244 P.2d 1095 (1952), an administrator of an estate filed a probate petition fraudulently stating that he was the only heir to the estate. At the same time, he represented to the other heirs, all of whom lived in Indiana, that the decedent's estate was worth only $200 and said the money remaining after the probate expenses had been spent on a grave marker. When other potential heirs inquired about the deceased's estate a few years later, they were misinformed by the administrator that the deceased left no will or estate. Seven years later, when those heirs filed suit against the administrator alleging fraud, the administrator argued that any suit was barred by the statute of limitations. This Court held that it was not unreasonable for a party to fail to examine public records in light of the fraudulent representations made to discourage or dissuade those putative, potential plaintiffs, whose lack of ready access to public records was also an impediment, the Court stating that "[i]f a party be prevented by fraud from availing himself of the benefit of the record *or is led by such means to forego an investigation of the record,* no one who participates in such fraud can insist that the duty to so do be enforced." 72 Idaho at 514, 244 P.2d at 1099 (emphasis added). Conceded, that *Gerlach* is to some degree distinguishable in that there was a fiduciary relationship between the administrator and the heirs and a personal relation between the parties arising out of kinship, but even absent a fiduciary relationship, no person is privileged to deceive another to the other's detriment.

It appears to us that this case is somewhere between the extremes of the *Nancy Lee* case and the *Gerlach* case. Reasonably minded jurors might conclude that if Longstreet misrepresented the property which he was dealing to Kawai, Kawai, as with any reasonable person, might very well have believed himself to be transacting business with a gentleman of honor, not at all given to deceitful ways and words. The established or undisputed facts together with the inferences reasonably drawn therefrom in favor of the party against whom the motion for summary judgment is leveled ordinarily constitute sufficient reason for denying a motion for summary judgment. A trial of the factual issues is to be preferred.

In sum, we reverse the district court's grant of summary judgment against Kawai Farms and remand for further proceedings consistent with this opinion. Because of the question of material fact as to whether Kawai Farms should have reasonably discovered the lack of abundant available water in the relatively short time it was in possession under the provisions of the 1987 agreement, the doctrine of *res judicata* did not become applicable. Likewise, as to the costs of sewer hookups.

Costs on appeal to appellant. No fees on appeal.

BAKES, C.J., BOYLE, J., and FULLER, J. Pro Tem., concur.

JOHNSON, Justice, dissenting.

I respectfully dissent from the opinion of the Court. In my view, the trial court correctly ruled that the claim asserted by Kawai Farms in the present action was barred by res judicata.

The Court has recently thoroughly reviewed the current status of res judicata in Idaho. *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 804 P.2d 319 (1990). In *Diamond,* we said that "a valid and final

judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." 119 Idaho at 150, 804 P.2d at 323.

The decision of the trial court in this case is fully in accord with the principles we reaffirmed in *Diamond*. After reviewing the concepts of claim preclusion and transaction that we reaffirmed in *Diamond*, the trial court concluded:

> If the first case had been tried, proof of the value of the lots would have been essential to the plaintiff's claim for fraud. Whether developable property has adequate water and the potential for decent sewage disposal is a key factor in the value of the property. Res judicata bars relitigation of the same claim even if there is new evidence to support it. The claim, that false representations were made about the characteristics of the property and that because of the allegedly false claims the property has a lower value, or as plaintiff contends, no value, is the same claim. The claim is barred by res judicata.

In my view, this was the correct analysis of the application of res judicata or claim preclusion to this case. As I see it, whether Kawai exercised due diligence or not in discovering the alleged fraudulent misrepresentations may be part of a proper statute of limitations analysis, but is not a proper part of a res judicata or claim preclusion analysis.

I would affirm the trial court's decision.