In re Ed L. CHRISTENSEN, d/b/a Pioneer Hills Apartments Palouse River Farms; Tom's Chemicals and Fertilizer, SS# 519–46–2388, Debtor.

Ed L. CHRISTENSEN, Plaintiff,

v.

Edith M. LAZELLE, Individually and as Personal Representative of the Estate of Delbert Lazelle, and the Lazelle Family Limited Partnership, an Idaho Partnership, by Edith M. Lazelle, its General Partner, Defendants.

Adv. No. 91–6208.
Bankruptcy No. 91–01840.

United States Bankruptcy Court, D. Idaho.

Nov. 30, 1992.

---

D. Ray Barker, Moscow, ID, for plaintiff.

Ronald J. Landeck, Landeck, Westberg, Judge & Graham, Moscow, ID, for defendants.

## MEMORANDUM OF DECISION

### ALFRED C. HAGAN, Chief Judge.

The complaint in this adversary proceeding is brought by Ed L. Christensen, the debtor in this Chapter 11 case ("debtor"), against Edith M. Lazelle individually, Edith M. Lazelle as the personal representative of the estate of Delbert Lazelle, and the Lazelle Family Limited Partnership (collectively, "defendants").

Defendants have moved to dismiss the complaint, or in the alternative for summary judgment against the debtor, on the basis of the *res judicata* effect of a stipulated dismissal with prejudice of a prior action between the parties. The complaint of the debtor in this adversary proceeding is entitled "Complaint Objecting to Allowance of Claim and for Recovery of Money".

From the contents of the complaint, it would appear defendants have filed a claim in the plaintiff/debtor's chapter 11 case that the plaintiff argues should be disallowed. According to the complaint, "[s]aid claim is based on a Lease Agreement with Option to Purchase entered into as of October 1, 1984, as amended in an Amendment of Agreement entered into on September 27, 1989, wherein the above-named defendant was the lessor and the above-named plaintiff was the lessee." The complaint continues to recite legal and factual contentions why the defendants' claim should be denied.

The prayer of the complaint asks "that the defendant's claim be disallowed in its entirety and that the court enter judgment for the plaintiff against the defendant in the amount of $18,025.64 plus interest from December 12, 1990, plus a reasonable attorney's fee." The prayer for the money judgment is based on the contention, as contained in the complaint, that "plaintiff is entitled to reimbursement from the defendant of the amount by which the said payments made by the plaintiff exceed the said fair rental value of the property in the amount of $18,025.64."

The defendants have answered and have counterclaimed against the plaintiff. The counterclaim prays for payment to the defendants of the "full amount of [defendants'] claim in the total sum of Forty–Seven Thousand Seven Hundred Sixty–Five Dollars and Ninety–Five Cents ($47,765.97)" and for attorney's fees.

Defendants base their *res judicata* argument on the following facts. As already mentioned above, the basis of the claims between the parties is a Lease Agreement with Option to Purchase ("Original Agreement") entered into as of October 1, 1984 between the debtor as lessee, and defendants as lessors. The defendants filed a state court action against the debtor, apparently in 1988. (The full record of the state court action is not part of the record here.) In his answer to the state court action, the debtor filed a counterclaim that included substantially similar allegations to those made in the current complaint, and

requesting judgment in the amount payments by the debtor exceeded the fair rental value of the property.

On September 27, 1989, the debtor and defendants entered into an amendment of the Original Agreement ("Amendment of Agreement"). As part of the consideration for this amendment, defendants agreed to dismiss with prejudice any and all claims against debtor in that action, while debtor agreed to dismiss with prejudice any and all claims against the defendants. A stipulated dismissal of these claims was entered by Judge John Bengtson in the state court action on January 22, 1990.

Defendants now move to dismiss the plaintiff's complaint or in the alternative for summary judgment in their behalf. The motions are based upon the pleadings and documents contained in a state court action in the District Court of the Second Judicial District, in and for the County of Latah. These documents include an answer and counterclaim filed in that particular case, an amendment of agreement filed in that case, a stipulation for dismissal with prejudice, and an order signed by Judge Bengtson terminating the state court action, entered January 22, 1990.

## LEGAL STANDARDS

Because defendants have referenced matters outside the pleadings, including portions of the record in the state court case, the motion to dismiss will be denied and the matter will be treated as a motion for summary judgment. Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b).

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable here by Fed.R.Bankr.P. 7056. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence is construed in the light most favorable to the nonmoving party, and the moving party bears the burden to show the absence of any genuine issue of material fact. *Hopkins v. Andaya*, 958 F.2d 881, 884 (9th Cir.1992).

## DISCUSSION

This adversary proceeding is based solely in the question of whether, under state law, the agreement between the parties constitutes a lease or a disguised security interest. As a consequence, this Court must give the same claim preclusion effect to a state court judgment as would be given that judgment by the courts of that state.[1]

The Supreme Court of Idaho has recently considered the scope of claim preclusion, or *res judicata*, under state law. *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 804 P.2d 319 (1990). In that case, the court summarized claim preclusion as follows: "[A] valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond, supra,* 804 P.2d at 323.

Debtor argues that, because there was no trial on the merits, the state court judgment is not entitled to preclusive effect. The fact there was no trial does not preclude the application of *res judicata* to this case; the doctrine is applicable to a stipulated dismissal with prejudice as if the parties had proceeded to trial on the matter. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 826 P.2d 1322, 1325–26 (1992) (effect of agreement between parties was same as I.R.C.P. 41(a)(1) stipulated dismissal, and entitled to *res judicata* effect). The absence of a final decision on the merits does, however, prevent the application

---

1. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–896, 79 L.Ed.2d 56 (1984) (concluding claim preclusion of state court action prevented subsequent section 1983 claim); *Hoffman Construction Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 799 (9th Cir.1992). *See Koski v. Seattle First Nat'l Bank (In re Koski)*, 144 B.R. 486, 487 & n. 2 (Bankr.D.Idaho 1992) (issue preclusion effect of state court judgment) (citing cases).

of issue preclusion (sometimes called collateral estoppel). *Koski, supra,* 144 B.R. at 487–88 (one element of collateral estoppel is final judgment on the merits).

■ The debtor contends there is no claim preclusion effect to the state court dismissal because the parties entered into an Amendment of Agreement to the Original Agreement as part of the consideration for the stipulated dismissal. Because this action involves consideration of the effect of the Original Agreement as modified by the Amendment of Agreement, the debtor argues, the state court dismissal dealing solely with the Original Agreement is not applicable.

This position is correct. The judgment of the state court only extinguished those claims arising out of the same transaction or series of transactions out of which the state court action arose. *See Diamond, supra,* 804 P.2d at 323. The state court action arose out of the original agreement. The action before this Court, by contrast, involves the relationship between the parties as established by both the original agreement and the amendment of agreement. Because the terms of the relationship between the parties have been substantially altered over those memorialized in the original agreement, this action does not arise out of the same transaction or series of transactions that led to the state court dismissal. Consequently, claim preclusion is not applicable to the current action, and defendants are not entitled to judgment as a matter of law.

Accordingly, it is

ORDERED that the defendants' motions to dismiss, or in the alternative for summary judgment, are denied.