864 P.2d 609

**Gary D. HALL, Plaintiff–Appellant,**

v.

**John FORSLOFF and Liz Forsloff, husband and wife, Defendants–Respondents.**

**No. 20024.**

Supreme Court of Idaho,
Boise, March 1993 Term.

Nov. 19, 1993.

Ling, Nielsen & Robinson, Rupert, for appellant. Brent T. Robinson argued.

Roy & Nielson, Twin Falls, for respondent. Brent H. Nielson argued.

McDEVITT, Chief Justice.

## BACKGROUND

On February 24, 1987, Gary Hall ("Hall") purchased the business known as Professional Business Systems ("PBS") from John and Liz Forsloff ("Forsloff"). On February 23, 1990, Hall filed a three count complaint against the Forsloffs concerning the sale of PBS. Count I of the complaint alleged breach of contract on the basis that the Forsloffs failed to provide Hall with the assets they promised. Count II alleged that the Forsloffs fraudulently represented the financial status of PBS, that the Forsloffs knew the representations were false, and that Hall relied upon the representations. Count III of the complaint, which requested punitive damages based on the alleged fraud of the Forsloffs, was stricken from the record by stipulation of the parties. In their answer, the Forsloffs generally denied Hall's allegations and asserted various defenses, one of which was that the action was barred under the doctrine of *res judicata*. The Forsloffs filed a motion for summary judgment on July 31, 1991.

In support of their motion, the Forsloffs filed the affidavit of John Forsloff. The affidavit stated that the Forsloffs had previously brought an action against Hall concerning the sale of PBS and the nonpayment of various PBS debts guaranteed by the Forsloffs which Hall agreed to assume. That litigation resulted in a judgment entered in favor of the Forsloffs. Incorporated into the judgment was a "Novation or Indemnification Agreement" between the Forsloffs and Hall wherein Hall/PBS agreed to apply for a novation on all the debts guaranteed by the Forsloffs. The agreement also provided that if a novation was denied or did not occur, Hall individually and on behalf of PBS, agreed to indemnify the Forsloffs against any future claims regarding the debts. Based on the judgment and the agreement, the Forsloff affidavit requested that summary judgment be granted on the basis that Hall's action was barred under the doctrine of *res judicata*.

Hall filed an affidavit in opposition to the motion for summary judgment which restated that the Forsloffs, through various business records and personal statements, made certain misrepresentations regarding the net worth, accounts receivable, accounts payable, and other indicators of the profitability of PBS. The affidavit also stated that Hall did not become aware of these misrepresentations until after judgment was entered in the first suit and that Hall could not have discovered the misrepresentations earlier through reasonable diligence. Finally, Hall's affidavit stated that the Forsloffs' claim was brought because of Hall's failure to pay debts which he assumed with the purchase of PBS, and that the novation agreement only applied to the issues and matters regarding those debts.

After a hearing on the matter, the trial court filed its "Opinion RE Motion for Summary Judgment," granting the Forsloffs' motion for summary judgment. The trial court found that, although collateral estoppel (issue preclusion) did not apply, the second suit between Hall and the Forsloffs involved the same transaction as the first suit. Therefore, under the so called *Joyce* rule, announced in *Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 208 P. 241 (1922), and articulated in *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983), the doctrine of *res judicata* (claim preclusion) acted to bar Hall's claims.

Hall filed a motion for reconsideration of the trial court's decision. The trial court denied the motion, stating:

In the case at bar, the uncontroverted fact that the plaintiff had operated the business for ten months after it was sold

to him, coupled with the execution of the detailed novation agreement after the business had been operated by the plaintiff for approximately ten months, operates to shift the burden of production to the plaintiff. The novation agreement, to which the plaintiff was a party, expressly incorporated documents describing the financial status of the business, including balance sheets and income statements. The plaintiff has failed to meet this burden of production by failing to allege facts in the record which would show that the status and outstanding obligations of the business were different from the representations contained in the documents incorporated in the novation.

Hall appeals from the trial court's order granting summary judgment to the Forsloffs. The sole issue before this Court is whether the trial court erred in determining that Hall's claims are barred under the doctrine of *res judicata*.

### ANALYSIS

In an appeal from a motion for summary judgment, our standard of review is the same as the standard used by the trial court, which is to determine from all the pleadings, depositions, admissions and affidavits, whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); *Haessly v. Safeco Tittle Ins. Co.*, 121 Idaho 463, 825 P.2d 1119 (1992); *Ray v. Nampa School Dist. No. 131*, 120 Idaho 117, 814 P.2d 17 (1991). In making such a determination, this Court liberally construes the facts and existing record in favor of the non-moving party. *Ray v. Nampa School Dist. No. 131*, 120 Idaho 117, 814 P.2d 17 (1991). The burden of proving the absence of material facts is upon the moving party. *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 837 P.2d 805 (1992).

Preliminarily, we agree with the trial court that this case is not a case involving collateral estoppel (issue preclusion). This case does not involve a relitigation of identical issues. Rather, this case involves the doctrine of *res judicata* (claim preclusion). In *Diamond v. Farmers Group*, 119 Idaho 146, 804 P.2d 319 (1990), this Court reaffirmed the "transactional" approach to claim preclusion meaning that "in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." 119 Idaho at 150, 804 P.2d at 323 (citing *Joyce v. Murphy Land Co.*, 35 Idaho 549, 208 P. 241 (1922)). In other words, "a valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond*, 119 Idaho at 150, 804 P.2d at 323. "The 'sameness' of a cause of action for purposes of application of the doctrine of *res judicata* is determined by examining the operative facts underlying the two lawsuits." *Diamond*, 119 Idaho at 149, 804 P.2d at 322 (citing *Houser v. Southern Idaho Pipe & Steel, Inc.*, 103 Idaho 441, 649 P.2d 1197 (1982)).

In this case, the operative facts underlying the two lawsuits is the sale of PBS. In the first case, suit was brought by the Forsloffs seeking payment and indemnification on PBS debts which Hall agreed to assume when he purchased PBS. The instant case involves a claim for breach of contract and fraud which supposedly occurred during the sale transaction. Given that the underlying operative facts are the same for both cases, all claims that could have been brought in the first action are now barred. *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 804 P.2d 319 (1990); *Joyce v. Murphy Land Co.*, 35 Idaho 549, 208 P. 241 (1922). Thus our analysis is focused on whether Hall could have raised his present claims in the original suit filed by the Forsloffs.

■ Regarding Hall's breach of contract claim, this claim is based on the allegation that the Forsloffs failed to provide the assets they promised. Hall's complaint alleges that he did not receive a business

which had the retained earnings, accounts receivable, and other measures of profitability at the values promised by the Forsloffs. Assuming these allegations are true, the contract between Hall and the Forsloffs was breached upon the completion of the contract of sale when Hall did not receive all that he was promised.

It is basic contract law that a cause of action for breach of contract accrues at the time of the breach. *See Farmers Nat'l Bank v. Wickam Pipeline*, 114 Idaho 565, 759 P.2d 71 (1988); *W.T. Rawleigh Medical Co. v. Atwater*, 33 Idaho 399, 195 P. 545 (1921). Under this rule, Hall had a valid cause of action immediately following the formation of the contract, and therefore could have raised his breach of contract claim as a counterclaim to the Forsloffs' original action. In fact, since Hall's breach of contract claim arose from the same transaction as the Forsloffs' claim, Hall's breach of contract claim is a compulsory counterclaim under I.R.C.P. 13(a) and should have been raised. Since Hall failed to raise his breach of contract claim in the original proceeding between him and the Forsloffs, he is now barred from doing so in this action. The trial court did not err in determining that Hall's breach of contract claim is barred as a matter of law.

■ Regarding Hall's claim for fraudulent misrepresentation, the law in Idaho is that an action for relief on the grounds of fraud will not be "deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." I.C. § 5–218. "Actual knowledge of fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence." *Nancy Lee Mines v. Harrison*, 95 Idaho 546, 547, 511 P.2d 828, 829 (1973). Thus, whether Hall could have raised his fraud claim in the first suit depends on whether he could have reasonably discovered the fraud prior to the first judgment.

We have held that where the discovery of a cause of action commences the statute of limitations, the date of discovery is a fact question. *McCoy v. Lyons*, 120 Idaho 765, 820 P.2d 360 (1991). More specific to the facts of this case, this Court has held that before a claim of fraud can be dismissed on a motion for summary judgment based on *res judicata*, a court must first answer the question of whether there is more than one conclusion as to whether the party alleging the fraud has exercised due diligence in discovering the fraud. *Kawai Farms v. Longstreet*, 121 Idaho 610, 826 P.2d 1322 (1992). If the court finds that there exists more than one conclusion that such party exercised due diligence, then a material question of fact exists precluding a granting of summary judgment. *Id.*

We hold that there is more than one conclusion that can be reached regarding the question of whether Hall could have discovered the alleged fraud of the Forsloffs through reasonable diligence. Hall's affidavit alleges that through certain business records or personal statements, the Forsloffs misrepresented the net worth, accounts receivable, accounts payable, and other measures of the profitability of PBS. Hall's affidavit specifically asserts that he was unaware of the fraud at the time of the first judgment and could not have discovered it through reasonable diligence. The Forsloff affidavit provides nothing which counters this later assertion.

As stated previously, the trial court determined that *res judicata* was proper in this case because the novation agreement expressly incorporated documents describing the financial status of PBS. Given Hall's access to these documents, the trial court determined that Hall had failed to "allege facts in the record which would show that the status and outstanding obligations of the business were different from the representations contained in the documents incorporated in the novation." However, the trial court did not have the advantage of our *Kawai Farms* opinion at the time of its decision. In *Kawai Farms*, relying on our prior decision in *Gerlach v. Schultz*, 72 Idaho 507, 244 P.2d 1095 (1952), we held that an individual's reliance on another's fraudulent representations can affect the question as to whether a proper investigation was conducted, and therefore can raise more than one conclusion as to

whether the fraud could have been discovered through reasonable diligence. We hold that to be the situation here.

Therefore, liberally construing the facts and existing record in favor of the non-moving party, we conclude that there exists a material question of fact as to whether Hall should have reasonably discovered the financial situation of PBS in the time period preceding the first judgment and the execution of the novation agreement. Accordingly, we reverse the decision of the district court granting the Forsloffs' motion for summary judgment on Hall's fraud claim and remand the case for further proceedings.

Each party to bear their own costs on appeal.

BISTLINE, JOHNSON and TROUT, JJ. and MICHAUD, J. Pro Tem., concur.